**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

In re: FRED H. SIEMON,

                Debtor,

-------------------------------------

FRED H. SIEMON,

                Appellant,

    -against-

KRISTA M. PREUSS[1],

                Appellee.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 27 2021

MEMORANDUM DECISION
AND ORDER

20 Civ. 7508 (GBD)

GEORGE B. DANIELS, United States District Judge:

Appellant, Fred H. Siemon, *pro se*, appeals from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered on July 16, 2020, which lifted the automatic stay pursuant to 11 U.S.C. § 362(d)(1), allowing secured creditor NYCTL 1998-2 Trust to exercise its rights in Appellant's real property located at 1614 Stadium Avenue Bronx, New York. (Order Granting Motion for Relief from Stay ("Relief Order"), dated July 16, 2020, ECF No. 38, 20-10351-cgm.) Appellant's appeal is DISMISSED because it is both untimely and moot.

At a hearing on July 9, 2020, Chief U.S. Bankruptcy Judge Cecelia G. Morris, ruled that the automatic stay in the case was lifted because "the only reason that [Siemon] fil[ed] this bankruptcy case [was] to get protection of the automatic stay." (*See Tr. of Hearing*, dated July 9,

---

[1] Appellee, Krista Preuss, the Chapter 13 Trustee, submitted a letter to the Court stating that she takes no position on the propriety of the Relief Order. Appellee submits that the dispute and issue on appeal is between NYCTL 1998-2 Trust, as the secured creditor who moved to have the automatic stay lifted, and Siemon. Regardless of the party included in the caption, Siemon's appeal is untimely and moot for the reasons explained below.

2021, ECF No. 9-2, at 18:13-15.) Chief Judge Morris found that Siemon had filed in order "stop a foreclosure action" which had already been litigated in New York state court. (*Id.* at 19:2–21:20.) On July 16, 2021, the Bankruptcy Court docketed the Relief Order, lifting the automatic stay. (*See* ECF No. 38, 20-10351-cgm.) On September 14, 2020, Siemon filed his notice of appeal of the Relief Order in this Court. (ECF No. 1.)

An order granting or denying relief from an automatic stay is a final, appealable order. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). The Bankruptcy Code and Federal Rules of Bankruptcy Procedure require parties to appeal from a final order "within 14 days after entry of the . . . order . . . being appealed." 28 U. S. C. §158(c)(2); Fed. R. Bank. P. 8002(a). The Second Circuit has held that the "time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." *Siemon v. Emigrant Savings Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005). The time limit in Rule 8002(a) is clear, but "the analysis does not end there" because Rule 8002(d)(1)(B) "empowers district courts to extend the filing period beyond the 14–day baseline." *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) *aff'd*, 597 Fed.Appx. 663 (2d Cir. 2015). However, a court is precluded from granting such an extension if the "judgment, order, or decree appealed from . . . grants relief from an automatic stay under § 362" of the Bankruptcy Code. Fed. R. Bankr. P. 8002(d)(2)(A).

Here, the Bankruptcy Court issued the Relief Order on July 16, 2021. Under Rule 8002(a), Siemon had fourteen days—until July 30, 2020—to timely file a notice of appeal of the Relief Order. Moreover, because the Relief Order expressly granted relief from the automatic stay under Section 362 of the Bankruptcy Code, the fourteen-day deadline cannot be extended. Fed.

2

R. Bankr. P. 8002(d)(2)(A). Thus, Siemon's was required to file his notice of appeal within fourteen days and his filing on September 14, 2020 was untimely.[2]

Even if the appeal were not untimely, Siemon's appeal must also be dismissed because it is moot. "In bankruptcy proceedings, the mootness doctrine involves equitable considerations as well as the constitutional requirement that there be a case or controversy." *In re Chateaugay Corp.,* 10 F.3d 944, 95253 (2d Cir.1993). Under Article III's "case or controversy" requirement, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief[]' to a prevailing party, the appeal must be dismissed." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992). Here, Chief Judge Morris dismissed the bankruptcy case on November 13, 2020. (ECF No. 65, 20-10351-cgm.) Thus, even if it had not been properly lifted by the Relief Order, the automatic stay terminated upon the dismissal of the case. 11 U.S.C. §362 (c)(2)(B). Accordingly, this Court cannot fashion any effectual relief because there is no longer a pending "case or controversy."

Siemon's appeal is dismissed. The Clerk of the Court is directed to close the motions at ECF Nos. 12, 14, 15 and to close the case.

Dated: New York, New York
May 27, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Pleadings submitted by a pro se litigant "must be construed liberally," and must be read "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also In re Motor Liquidation Co.,* 2012 WL 398640, at *2 (S.D.N.Y. Feb. 7, 2012) (construing submissions of pro se bankruptcy appellant liberally). But, while pro se litigants in bankruptcy proceedings "are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules." *In re Truong,* 388 B.R. 43, 45 (S.D.N.Y. 2008).

3